Susan M. Marsh (CSBN 177073)
SMarsh@dir.ca.gov
STATE OF CALIFORNIA
Department of Industrial Relations
Division of Workers' Compensation
1515 Clay Street, 18th Floor
Oakland, CA 94612
Ph. (510) 286-0646; Fx: (510) 286-0693

Attorney for Defendant
Maribeth Arendt

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

|  |  |
|---|---|
| GEORGE J. AUSTIN,<br><br>            Plaintiff,<br><br>      v.<br><br>ATLINA, et al.,<br><br>            Defendants. | Case No.: 4:20-cv-06363 YGR<br><br>**SPECIALLY APPEARING DEFENDANT JUDGE M. ARENDT'S NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (FRCP 12(b)(1)); AND INSUFFICIENT SERVICE OF PROCESS (FRCP 12(b)(5))**<br><br>Trial Date: None Set<br>Hearing Date:  January 25, 2022<br>Time:  2 p.m. /See Note Re ZoomConference<br>Judge: Hon. Yvonne Gonzalez Rogers |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………..…… 2

NOTICE OF MOTION AND MOTION………………………………………4

MEMORANDUM OF POINTS AND AUTHORITIES…..………………………5

    I.     Introduction………………………………………………………5

    II.    Statement of Facts………………………………………………...6

          A.    The June 2020 WCAB Subpoena……………………………… 6

          B.    Plaintiff's Interactions with Defendant Maribeth Arendt………………...7

          C.    The Amended Complaint………………………………..……….7

          D.    Insufficient Service of Process……………………………...……9

    III.    Argument…………………………………………………...10

          A.    Lack of Personal Jurisdiction due to Insufficient Service of Process……10

              1. Plaintiff Missed the December 17, 2021 Deadline to Serve Arendt…..11

              2. Plaintiff Did Not Follow the Applicable Rules of Service……………11

              3. Dismissal of Defendant Maribeth Arendt is Proper………………...12

          B.    Lack of Subject Matter Jurisdiction………………………………..13

              1. As a WCAB ALJ Defendant Maribeth Arendt Enjoys Judicial Immunity………………………………………………………13

              2. State of California Employees Are Not Liable for Monetary Damages……………………………………………………… 14

              3. Plaintiff Seeks Relief in the Wrong Forum…………………..……15

    IV.    Conclusion……………………………………………………16

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*,
(1970) 398 U.S. 281 ..................................................................................... 15

*Butz v. Economou*,
(1978) 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895] ............................... 13

*Cranford v. United States*,
(E.D. Cal. 2005) 359 F. Supp. 2d 981 ................................................... 11, 13

*Dennis v. Sparks*,
(1980) 449 U.S. 24 ...................................................................................... 14

*Falls v. Superior Court*,
(1996) 42 Cal.App.4th 1031, 49 Cal.Rptr.2d 908 ....................................... 14

*Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*,
(3d Cir. 1993) 988 F.2d 476 ....................................................................... 11

*Harlow v. Fitzgerald*,
(1982) 457 U.S. 800 .................................................................................... 14

*Hirsh v. Justices of the S.Ct. of the State of Cal.*,
(9th Cir. 1995) 67 F.3d 708 ........................................................................ 14

*Jordan v. Hawaii Government Employees' Ass'n, Local 152, AFSCME, AFL-CIO*,
472 F.Supp. 1123, Hawaii 1979 .................................................................. 13

*Mireles v. Waco*,
(1991) 502 U.S. 9 ................................................................................... 13, 14

*Razavi v. Regis Corporation*,
(N.D. Cal., Jan. 8, 2016, No. 5:15-CV-02574-EJD) 2016 WL 97438 ..................................... 11

*Romano v. Bible*,
(9th Cir. 1999) 169 F.3d 1182 .................................................................... 13

*S.J. v. Issaquah Sch. Dist. No. 411*,
(9th Cir. 2006) 470 F.3d 1288 .................................................................... 11

*Scott v. Hayes*,
(11th Cir. 1983) 719 F.2d 1562……………………  …………………………14

*Stump v. Spartman*,
(1973) 435 U.S. 349 .................................................................................... 13

*Taylor v. Mitzel*,
(1978) 82 Cal.App.3d 665 .......................................................................... 14

## STATUTES

42 U. S. C. § 1983 ............................................................................................ 14

Cal. Code Civ. Proc., § 410.10   ……………………………………………   11

Cal. Code Civ. Proc., §§ 413.10-417.40 ......................................................... 11

Cal. Code Civ. Proc., § 414.10 ........................................................................ 12

NOTICE OF AND MOTION TO DISMISS WITH SUPPORTING POINTS AND AUTHORITIES
CASE NO. 4:20-CV-06363

Cal. Code Civ. Proc. § 415.20, subd. (b) ................................................................. 12
Cal. Code Civ. Proc. § 415.20, subd. (b) ................................................................. 12
Cal. Gov. Code, §§ 820.4 ......................................................................................... 15
Cal. Gov. Code, § 950.2…………………………………………………………………15
Cal. Lab. Code, § 5300 ............................................................................................. 15

## **RULES**

Fed. Rules Civ.Proc. 4 ........................................................................................ 6, 10, 11
Fed. Rules Civ.Proc. 4 (c)(2) ..................................................................................... 12
Fed. Rules Civ.Proc. 4 (e) (1)…………………………………………………….........11
Fed. Rules Civ.Proc. 12 (b)(1) ................................................................................... 13
Fed. Rules Civ.Proc. 12 (b)(4) ................................................................................... 11
Fed. Rules Civ.Proc. 12 (b)(5)…………………………………………………………11

## **REGULATIONS**

Cal. Code Regs., tit. 8, § 10455, subd. (f)…………………………………… .. ……7

**NOTICE AND MOTION TO DISMISS**

**PLEASE TAKE NOTICE** that on January 25, 2022 at 2 p.m. in Courtroom 1 (4th Floor) of the above-captioned Court located at 1301 Clay Street, Oakland, CA 94612, specially-appearing Defendant Maribeth Arendt will move this Court for an order dismissing the instant matter and all purported causes of action asserted against her by Plaintiff in his First Amended Complaint (FAC) with prejudice, immediately and without leave to amend.

All Parties and their Counsel are further noticed to review the court's website for details about how to attend this hearing via Zoom: https://cand.uscourts.gov/judges/gonzalez-rogers-yvonne-ygr/.

Specially-appearing Defendant Arendt so moves the court based on the contents of this Notice, this Motion and its Memorandum of Points and Authorities; the Supporting Declarations and their exhibits; the pleadings and all papers on file in this action as set forth in the ECF; and upon any oral or documentary evidence as may be presented at the time of this hearing.

Specially-appearing Defendant Arendt's Motion is based on Lack of Personal Jurisdiction due to Insufficient Service of Process (Fed. Rules Civ.Proc. 12 (b)(5); and Lack of Subject Matter Jurisdiction (Fed. Rules Civ.Proc. 12(b)(1).

Respectfully submitted,


Dated: December 21, 2021          STATE OF CALIFORNIA
                                  Department of Industrial Relations
                                  Division of Workers' Compensation



                                  By:  /s/ *Susan M. Marsh*
                                  Susan M. Marsh
                                  Attorney for Specially-Appearing Defendant
                                  Maribeth Arendt

---

4

NOTICE OF AND MOTION TO DISMISS WITH SUPPORTING POINTS AND AUTHORITIES
CASE NO. 4:20-CV-06363

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This lawsuit arises from Plaintiff's misunderstanding of the workers' compensation system by which he has made a claim for benefits; a release of Plaintiff's medical records that did no harm; and Plaintiff's misplaced rage toward Specially-appearing Defendant Maribeth Arendt (ARENDT), an administrative law judge for the California's Workers' Compensation Appeals Board (WCAB) assigned the trial of Plaintiff's workers' compensation claim (Comp Case).

In his First Amended Complaint (FAC) (Electronic Court Filing (ECF) Docket Entry #39), Plaintiff alleges that ARENDT injured him by a) "appearing to have signed" a June 11, 2020 WCAB subpoena (June Subpoena) pursuant to which Dr. Lisa Nhu released Plaintiff's medical records and thereby violated his privacy. As the face of the June Subpoena shows, that allegation is demonstrably false; and b) by using a tone of voice and manner of speaking during his Comp Case hearings that demonstrated bias and thereby violated his civil rights. Plaintiff has never shown how any alleged bias infected or motivated any improper or unlawful judicial act by ARENDT. Indeed, the only official act taken by ARENDT thus far in the Comp Case involves the scheduling of a QME exam. *In fact, Plaintiff has stated on the WCAB record that he named ARENDT in this action to create a conflict that would compel her recusal from his Comp Case.* (ARENDT Declaration, ¶¶ 7&8; see also, FAC, p. 28.)

On the basis of that alleged conduct or manner, Plaintiff names ARENDT in seven of his FAC's 11 causes of action.

Even if the foregoing allegations were taken as true and actionable, ARENDT enjoys judicial immunity for her official actions. Also, as a State employee, ARENDT is shielded from liability for any damages resulting from injury caused by her during the course and scope of her employment. Regardless, Plaintiff's FAC does not demonstrate a nexus between any of ARENDT'S alleged wrongdoing and any actual or compensable harm suffered by Plaintiff.

Plaintiff's efforts to sue ARENDT for alleged but false reasons must fail here for another reason: he did not effect proper service on ARENDT as required by Rule 4 of the Federal Rules of Civil Procedure, and as referenced therein, the California Code of Civil Procedure. For that reason alone, dismissal of ARENDT with prejudice from this action is proper.

Thus, the issues to be decided in this motion are whether 1) the court has personal jurisdiction over ARENDT given the insufficient service of process by Plaintiff; and 2) the court has subject matter jurisdiction to hear this matter given the doctrine of judicial immunity and other principles.

## II.   STATEMENT OF FACTS

The facts relevant to Plaintiff's seven causes of action against ARENDT are these:

### A.  The June 2020 WCAB Subpoena

As recounted in his motion to dismiss in this action and demonstrated by supporting papers, when attorney Defendant Guido Gaiteri (GAITERI) learned of Plaintiff's car accident-injury subsequent to his industrial injury, he engaged a record retrieval company, LEXITAS, to obtain Plaintiff's medical records from Defendant Dr. Lisa Nhu. (ECF #77.) On June 11, 2020, LEXITAS used a stamped-signed WCAB subpoena to do so (hereinafter, the June Subpoena). (Ex. 3 to ECF #77, Att. 1.)

The June Subpoena bears the photocopied signature of Cynthia Quiel, the Presiding Judge of the WCAB's Long Beach district office. ARENDT is a judge in the WCAB's Stockton office. She was not assigned in Plaintiff's Comp Case until *after* an application for adjudication of Plaintiff's claim was filed on July 24, 2020. (ARENDT Decl., ¶ 5.)

Neither ARENDT's signature nor name appears anywhere in the June Subpoena. (Ex. 3 to ECF #77, Att. 1.) ARENDT had no role whatsoever in the issuance of the June Subpoena. ARENDT never received or reviewed any records alleged to have been released pursuant to the June Subpoena. Moreover, ARENDT never admitted records obtained under the June Subpoena into evidence in the Comp Case. (ARENDT Decl., ¶ 10.) Last, ARENDT does not know defendant Dr. Nhu and has had no involvement at any time or in any context with any

conspiracy, collusion or plot to engage in unlawful conduct with any person or entity, including any of the defendants named in Plaintiff's FAC, for any purpose whatsoever. (ARENDT Decl., ¶ 11.)

**B.  Plaintiff's Interactions with Defendant Maribeth Arendt**

All of Plaintiff's interactions with ARENDT took place in the context of his Comp Case, (ADJ #13431115.) (ARENDT Decl., ¶ 13) Plaintiff's Comp Case was assigned for trial to ARENDT at the WCAB's Stockton office. (ARENDT Decl., ¶ 4; see also, Cal. Code Regs., tit. 8, § 10455, subd. (f).)

During a February 3, 2021 hearing in the Comp Case, ARENDT properly ordered Plaintiff to have a physical exam by a Qualified Medical Examiner (QME) so that the nature and extent of his workplace injuries could be determined. Plaintiff became angry, and announced that he would amend his pending federal lawsuit, filed with this court on September 10, 2020, to name ARENDT. (ARENDT Decl., ¶ ¶ 6&7, Ex. A.)   He further indicated that he would do so to create a conflict necessitating ARENDT's recusal from the Comp Case. (Ibid.; see also, FAC, p. 28) Plaintiff then filed comments in this court's electronic docket purporting to "add" ARENDT as a defendant. (ECF #22.)

As required by Magistrate Judge Ryu's April 30, 2021 Order (ECF #24), Plaintiff filed the FAC on July 7, 2021 (ECF #39). At that time, Plaintiff formally added ARENDT as a defendant (although he did not indicate in what capacity he was suing her). He also revised his originally-pled claims in two respects: to allege falsely that ARENDT "appeared" to have signed the June Subpoena at the heart of his alleged invasion of privacy claim and other claims allegedly involving the June Subpoena; and to allege that ARENDT's tone and manner of speaking to him at his Comp Case proceedings evinced an impermissible bias that caused a violation of his civil rights.

**C.  The Amended Complaint**

All but one of Plaintiff's seven causes of action against ARENDT allegedly flow from her signing the June Subpoena; the remaining cause of action, for a violation of his civil rights,

allegedly originates in bias not allegedly demonstrated by alleged wrongful act, but instead allegedly reflected in her tone and manner when conducting proceedings in his Comp Case.

In his Civil Rights Violation cause of action, Plaintiff alleges, "Defendant Maribeth Arendt's unconstitutional behavior pattern was plagued from the start with egregious behaviors." (FAC, p. 39.) Plaintiff claims that ARENDT was not impartial (Ibid.) but fails to demonstrate how that is true or moreover, how that alleged impartiality compelled and controlled her official actions in his Comp Case and thereby harmed him.  Plaintiff then writes, "the displays of bias conflicts conducting signaling not only partiality but need for restraining by Ms. Arendt are numerous" (FAC, p. 40). He acknowledges adding ARENDT as a defendant to his lawsuit because of such "displays," and then noted she would need to recuse herself [from his workers' compensation case] due to a conflict of interest. (FAC, pp. 41-43.)

At his 2nd cause of action, Invasion of Privacy, Plaintiff alleges ARENDT invaded his medical privacy as follows:

> Defendant, Ms. Maribeth Arendt apparently, Signed a request for information, labeled as 'Subpoena' that was either a fraudulent document, or an intentional violation of Plaintiff's privacy rights (invasion). Further, the document that was used by Defendant Guido to fraudulently induce multiple violations of HIPAA was signed prior to a case ever being registered in the Industrial Relations system, and prior to ever dealing with her as an adjudicator (there were two persons I spoke with prior to her).(FAC, p. 49.)

Each of the following claims against ARENDT are predicated likewise on the allegation that she signed the June Subpoena:  Negligence (FAC, p. 58); Fraud (FAC, p. 67); Aiding and Abetting of Fraud, Conversion of Records and Benefits (FAC, p. 73); Tortious Interference with Economic Advantage (FAC, pp. 77 – 78); and Malpractice (FAC, p. 83).

Plaintiff cannot overcome, however, the demonstrable falsity of that allegation.  As such, his Invasion of Privacy cause of action and all causes of actions allegedly arising from or related to the same false allegation that ARENDT signed the June Subpoena must fail. (Ex. 3 to ECF

#77, Att. 1.)

ARENDT is not named in the FAC's remaining four causes of action. Therein Plaintiff refers only to "defendants": Negligence Per Se (FAC, pp.  50 - 54); Breach of Contract (FAC, pp.  54-56); Whistleblower Retaliation (FAC, pp. 58 - 65); and Conversion (FAC, pp. 68 – 71)

**D.  Insufficient Service of Process**

The court's docket reveals several failed attempts by Plaintiff to effect proper service on ARENDT, including at least one attempt made without a proper summons. (ECF #44, 56, and 84).  Plaintiff has never attempted personal service on ARENDT in this action, nor has he demonstrated proof of such attempts. (ARENDT Decl., ¶ 9.)

On September 21, 2021, after this court issued a summons for Plaintiff's FAC and it was learned that Plaintiff had attempted service by a noncompliant means, Susan M. Marsh, DWC Counsel for ARENDT (DWC Counsel), wrote to Plaintiff.  (DWC Counsel Decl., ¶ 4, and Ex. A thereto.) In that correspondence, DWC Counsel offered to accept service on ARENDT by way of Notice and Waiver. That offer did not have an expiration date. DWC Counsel has never received a response to that correspondence, nor has her mailing been returned to her by the USPS. (DWC Counsel Decl., ¶ 5.)

In his October 3, 2021 request for a continuance, Plaintiff said he was "having difficulty" serving ARENDT. (ECF #89.) By order, the court extended Plaintiff's time to serve until December 17, 2021. (ECF # 92.)

On November 22, 2021, *Plaintiff* sent a copy of the summons and FAC by email addressed to Presiding Judge Crawford, and multiple a public email boxes maintained by the WCAB for use in adjudication matters. (DWC Counsel Decl., ¶ 7.)

On November 26, 2021, Plaintiff filed a document in this court's docket that he mislabeled "SUMMONS, Returned Executed," and in the same entry, wrote, "Maribeth Arendt served on 11/22/2021, answer due 12/13/2021." (ECF # 97)  The court's clerk later edited that entry to read, "Declaration of Certified Mail." Plaintiff has never filed a *receipt* of that mailing signed by any person. Per that Declaration, Plaintiff had directed the mailing of the summons

and the complaint to an address where, having appeared before her, Plaintiff knows ARENDT does not work, and further, is not ARENDT's address listed in the summons itself. (ECF #97.)

In light of the above, on December 9th, DWC Counsel again sent Plaintiff a letter by way of email and USPS in which she offered to accept service by waiver and on the terms set forth therein on behalf of ARENDT. (DWC Counsel Decl., ¶ 9.)  The entries at ECF #103,106, and 107 demonstrate that Plaintiff a) did not include a copy of DWC Counsel's December 9, 2021 letter to him which is referenced in and attached to DWC Counsel's email; b) declined the offer to accept service in the manner proposed; and c) did not respond to two offers to discuss his claims with DWC Counsel or follow the suggestion that he file a voluntary dismissal of ARENDT. At all times in her communication with Plaintiff, DWC Counsel notified Plaintiff that he had not effected proper service on ARENDT. (DWC Counsel Decl., ¶ 10.)

Despite the above, Plaintiff claims in several text docket entries that he *has* effected service, and moreover, Plaintiff makes the <u>demonstrably false assertion</u> that DWC Counsel for ARENDT has acknowledged and accepted such service. (ECF #103, 106, & 107.) ARENDT makes this Motion by Special Appearance.

### III.   <u>ARGUMENT</u>

Specially-appearing ARENDT moves this court to dismiss her with prejudice from this lawsuit without leave to amend on the bases of Plaintiff's insufficient service of process; and the court's lack of subject matter jurisdiction.

### A. <u>LACK OF PERSONAL JURISDICTION DUE TO INSUFFICIENT SERVICE OF PROCESS (Fed. Rules Civ.Proc. 4, Fed. Rules Civ.Proc. 12(b)(5))</u>

Specially-appearing ARENDT respectfully moves this court to dismiss her with prejudice, immediately and without leave to amend from this lawsuit due to a lack of personal jurisdiction as a result of insufficient service of process.

A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure] 4

…

Rule 12(b)(5) permits a defendant to challenge the mode or method of service of the summons and complaint. Where the validity of service is contested, the burden is on the party claiming proper service to establish its validity. *Cranford v. United States*, (E.D. Cal. 2005) 359 F. Supp. 2d 981, 984 (citing *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.* (3d Cir. 1993) 988 F.2d 476, 488). If service of process is insufficient under Rule 12(b)(4) or 12(b)(5), the court may dismiss an action or simply quash the service. (*See, e.g.*, *S.J. v. Issaquah Sch. Dist. No. 411* (9th Cir. 2006) 470 F.3d 1288, 1293.) *Razavi v. Regis Corporation* (N.D. Cal., Jan. 8, 2016, No. 5:15-CV-02574-EJD) 2016 WL 97438, at *1–2.

## 1. **Plaintiff Missed the December 17, 2021 Deadline to Serve ARENDT**

As of this Motion's date, Plaintiff has not demonstrated having effected sufficient process as to ARENDT as authorized and as required under Rule 4 of the Federal Rules of Civil Procedure, including as authorized under California law. (Fed. Rules Civ.Proc. Rule 4 (e)(1); Cal. Code Civ. Proc., §§ 413.10-417.40.) Plaintiff has failed to meet the court's December 17, 2021 deadline to effect service on ARENDT. (ECF # 92) Accordingly, this court should dismiss his action as to ARENDT immediately and with prejudice, and without leave to amend.

## 2. **Plaintiff Did Not Follow the Applicable Rules of Service**

The Federal Rules of Civil Procedure for service of summons, as well as the California Code of Civil Procedure incorporated by reference therein, sets forth the foremost rule that a party itself cannot effect service of process, and also provides that the manner of service of summons permitted depends on the nature (capacity) of the party to be served (e.g., individual, public official, corporation) (Fed. Rules Civ.Proc. Rule 4; Cal. Code Civ. Proc., §§ 413.10-417.40 & 414.10.). Although Plaintiff fails to plead the capacity in which he has sued ARENDT, he also has not named any government entity, including ARENDT's employer, as a defendant. Therefore, it appears Plaintiff aimed to effect service of process on ARENDT in *her individual capacity*. (ECF # 97, 103, 106 & 107.)

Plaintiff has failed to effect proper service on ARENDT as required by law. First, contrary to statute, Plaintiff himself has engaged in the efforts to effect service on ARENDT.

(Fed. Rules Civ.Proc. Rule 4 (c)(2); Cal. Code Civ. Proc., § 414.10.). Second, per Plaintiff's text entries in this docket (ECF #103, 106 & 107), and his Motion for Default against ARENDT, it appears that Plaintiff was attempting "substitute service" on ARENDT. Yet Plaintiff never attempted personal service on ARENDT in this action (ARENDT Decl., ¶ 9), and has provided no proof of such attempts. Applicable law does not allow Plaintiff to use substitute service without first attempting to serve ARENDT personally. (Cal. Code Civ. Proc. § 415.20, subd. (b).)

Further, Plaintiff did not follow the statutory steps for substitute service. It appears Plaintiff attempted the first prong of substitute service (the dropping or leaving prong) by *emailing* a copy of the summons and complaint on November 22, 2021 to Presiding Judge Crawford and multiple DWC public email boxes for workers' compensation matters at the Stockton board. (DWC Counsel Marsh Decl., ¶ 7.) As the complaining party, though, Plaintiff is prohibited from attempting to serve another party in the action. (Cal. Code Civ. Proc., § 414.10.) Also, the Stockton Board office was open to the public at that time (ARENDT Decl., ¶ 3.) and further, no authority permits substitute service by way of email.

Plaintiff's mistakes with regard to substitute service continued when, as the Declaration of Service by Mail shows (ECF # 97), he then directed RapidLegal to send a copy of the summons and complaint by certified mail addressed to "Maribeth Arendt, 455 Golden Gate Avenue, 9th Floor, San Francisco, California, 94102." ARENDT neither lives nor works at that address. Moreover, Plaintiff has filed no evidence with this court that ARENDT or anyone authorized to accept service of process on behalf of ARENDT signed a receipt of RapidLegal's mailing. Assuming that Plaintiff had properly left a copy of the summons and complaint with an individual at the Stockton board, where he knows ARENDT works, Plaintiff was required to have a copy of those same documents mailed to ARENDT <u>at the Stockton board</u>.  (Code Civ. Proc. § 415.20 subd. (b).).

### 3. <u>Dismissal of Defendant Maribeth Arendt is Proper</u>

Plaintiff has failed to comply with the requirements for sufficient service of process, and

has refused to accept ARENDT's two good faith offers to accept service by notice and waiver. Because Plaintiff has failed to meet the court's December 17, 2021 deadline to effect service on ARENDT (ECF # 92), this court should dismiss her from this action with prejudice, with no leave to amend, and immediately. Further, and in the alternative, because Plaintiff has failed to properly effect sufficient service on ARENDT at any time, this court should dismiss this action with prejudice, with no leave to amend, and immediately as to ARENDT due to its lack of personal jurisdiction over ARENDT and as allowed by the Federal Rules of Civil Procedure. Plaintiff cannot be prejudiced by the dismissal of a baseless and vexatious lawsuit as to ARENDT. *(Cranford v. U.S.* (E.D. Cal. 2005) 359 F.Supp.2d 981, 985.)

## B. LACK OF SUBJECT MATTER JURISDICTION

A party may bring a motion to dismiss where there is a "lack of jurisdiction over the subject matter."  Fed. Rules Civ. Proc. 12(b)(1). The court's lack of subject matter jurisdiction in this action arises from three grounds: absolute judicial immunity; a State of California employee's immunity from liability for monetary damages; and improper forum for relief sought.

### 1. As a WCAB ALJ, Defendant Maribeth Arendt Enjoys Judicial Immunity

All of Plaintiff's allegations against ARENDT allegedly arise from her performance of judicial functions as a WCAB administrative law judge in two respects:  her "appearing to have signed the June Subpoena," and her "biased" tone and manner of speech in matters in Plaintiff's Comp Case.  Even if one takes as true Plaintiff's allegations that ARENDT's actions in performing her judicial duties were unlawful, ARENDT's actions enjoy absolute immunity. *Mireles v. Waco* (1991) 502 U.S. 9, 11; *Stump v. Spartman* (1973) 435 U.S. 349, 362 ("the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.")

Under both federal and state law, judicial or quasi-judicial immunity has specifically been extended to administrative law bodies and officers performing adjudicatory functions.

(*Butz v. Economou* (1978) 438 U.S. 478, 508-514 [98 S.Ct. 2894, 2896, 57 L.Ed.2d 895];

*Romano v. Bible* (9th Cir. 1999) 169 F.3d 1182, 1186; *Jordan v. Hawaii Government Employees'*

*Ass'n, Local 152, AFSCME, AFL-CIO* (D. Hawaii 1979) 472 F.Supp. 1123, 1127; *Taylor v.*

*Mitzel* (1978) 82 Cal.App.3d 665, 670-671 (a hearing officer adjudicating Medi-Cal benefits

disputes had immunity from liability, both under 42 U. S. C. §1983 and in tort, since the acts

were committed by a quasi-judicial officer acting in an official capacity).)

Absolute immunity is applicable to a judicial officer even when, as in the FAC's first

cause of action, it is alleged that he or she violated or conspired to violate the plaintiff's civil

rights under 42 U.S.C. §1983. (*Hirsh v. Justices of the S.Ct. of the State of Cal*. (9th Cir. 1995)

67 F.3d 708, 715 (per curiam); *Mireles v. Waco* (1991) 502 U.S. 9, 9-10, 112 S.Ct. 286; *Dennis*

*v. Sparks* (1980) 449 U.S. 24, 27.)

Allegations, such as those made by Plaintiff throughout the FAC, that ARENDT acted

out of malice or corrupt motives are likewise unavailing, (*Harlow v. Fitzgerald* (1982) 457 U.S.

800, 815-819), because a judge "should not have to fear that unsatisfied litigants may hound him

with litigation charging malice or corruption." (*Scott v. Hayes* (11th Cir. 1983) 719 F.2d 1562,

1565.) Judicial immunity is applicable even where a judge's actions are alleged to have been

performed maliciously or corruptly. (*Dennis*, 449 U.S. at 27; *Falls v. Superior Court* (1996) 42

Cal.App.4th 1031, 1036-1037, 49 Cal.Rptr.2d 908.)

## 2.   State of California Employees Are Not Liable for Monetary Damages

Plaintiff's Prayer for Relief seeks "all available remedies including compensatory, and

punitive damages." (ECF #39, FAC, p. 85.) Yet Plaintiff has failed to provide *any facts*

demonstrating that ARENDT's complained of conduct was unlawful or outside the scope of her

authorized responsibilities as a state employee, and therefore actionable. Moreover, Plaintiff has

not alleged how ARENDT's alleged wrongful conduct caused him harm.

Plaintiff alleges that ARENDT "appears" to have signed a WCAB subpoena that

compelled the release of his medical records. The June Subpoena's face shows a) it was signed

by another WCAB judge; and b) it was prepared and issued not by the WCAB but by GAITERI.

The records released under the June Subpoena were not reviewed by ARENDT and were not admitted into evidence in Plaintiff's Comp Case. (ARENDT Decl., ¶ 10.)

Plaintiff alleges that in adjudicating his Comp Case, ARENDT acted in an impartial manner but provides no facts demonstrating so. To date, ARENDT has only issued one order in the Comp Case, which concerned Plaintiff's QME exam. (ARENDT Decl., ¶ 14.) Plaintiff has not alleged or demonstrated any bias or impartiality in that order, nor has he alleged or demonstrated that the order was unlawful. Plaintiff's Comp Case is still pending.

Plaintiff State employees enjoy immunity for their lawful conduct in the performance of their authorized job responsibilities. (Cal. Gov. Code, §§ 820.4 & 950.2.)

### 3. **Plaintiff Seeks Relief in The Wrong Forum**

In essence, Plaintiff's only discernable but demonstrably false allegation of allegedly actionable conduct by ARENDT, i.e., her alleged signing of a WCAB subpoena before an application for adjudication of Plaintiff's workers' compensation claim had been filed, is a challenge to the validity of a WCAB subpoena.  This court has no jurisdiction to adjudicate that issue. (*Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers* (1970) 398 U.S. 281, 296.)  Instead, that jurisdiction belongs to the Workers' Compensation Appeals Board. (Cal. Lab. Code, § 5300.)

Insofar as any of Plaintiff's causes of action naming ARENDT can be interpreted as stating Plaintiff's disagreement with the actions, rulings, or orders made by ARENDT in his Comp Case, including actions related to the allegedly improper admission of medical records into evidence, or the validity of the form subpoena used for those records, Plaintiff likewise must find relief within the State of California's workers' compensation system, not in federal court. The WCAB has exclusive jurisdiction over such matters. (Cal. Lab. Code, § 5300.)

//
//
//
//

## IV.   <u>CONCLUSION</u>

For all the reasons set forth above, this Motion to Dismiss by specially-appearing Defendant Maribeth Arendt should be granted, and Plaintiff's FAC dismissed as to specially-appearing Defendant Arendt with prejudice, immediately and without leave to amend.

Respectfully submitted,

Dated: December 21, 2021   STATE OF CALIFORNIA
           Department of Industrial Relations
           Division of Workers' Compensation


By: */S/ Susan M. Marsh*
Susan M. Marsh
Attorney for Specially-Appearing
Defendant Maribeth Arendt