UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEORGE JARVIS AUSTIN**, | Case No. 4:20-cv-6363-YGR |
| Plaintiff, | **ORDER OF DISMISSAL WITH PREJUDICE** |
| vs. | Re: Dkt. Nos. 152, 156, 160, 163, 167, 171, 173, 179, 180, 187, 196, 198, 210, & 212 |
| **LISA NHU, ET AL.**, | |
| Defendants. | |

On February 7, 2022, *pro se* plaintiff George Jarvis Austin filed his second amended complaint ("SAC") alleging causes of action for intentional discrimination, invasion of privacy, and whistleblower retaliation.[1]  Once again, plaintiff names as defendants: (1) Gallagher Bassett Services, Inc. ("GB"), incorrectly sued as Gallagher Bassett; (2) U.S. Department of Health and Human Services ("HHS"); (3) Dr. Lisa Nhu, incorrectly sued as Lisa Nhu Atlina; (4) Sean Ducar; (5) Maribeth Arendt; (6) Everest National Insurance Company ("Everest"), incorrectly sued as Everestre; (7) County of San Joaquin, sued as San Joaquin General Hospital (the "County"); and (8) Guido Gaiteri.

---

[1] Plaintiff's filing of the SAC was untimely.  Since plaintiff filed two second amended complaints, the Court ordered that the SAC at Docket Number 149 was the operative complaint.

Currently pending are seven motions to dismiss brought by all named defendants as well as plaintiff's "motion[s] for judgment" filed concurrently with his responses to defendants' motions.[2] Although some of plaintiff's motions are styled as motions for summary judgment, the Court construes each of his motions as those for judgment on the pleadings given the posture of this case. Having carefully reviewed the pleadings and the briefing on the motions, the Court hereby **GRANTS** the motions to dismiss **WITHOUT LEAVE TO AMEND**. Plaintiff's motions for judgment on the pleadings are **DENIED AS MOOT**.

## DISCUSSION

As a preliminary issue, the Court addresses its jurisdiction given plaintiff's appeal. Plaintiff has filed several notices of appeal. "The Ninth Circuit follows the general rule, with some exceptions, that the filing of a notice of appeal divests the district court of jurisdiction over the matters appealed." *Donovan v. Mazzola*, 761 F.2d 1411, 1414 (9th Cir. 1985). Nevertheless, the "filing of a notice of appeal does not divest a district court of its jurisdiction over matters ancillary to the appeal[.]" *Brennan v. Opus Bank*, 796 F.3d 1125, 1134 (9th Cir. 2015). The Court understands that plaintiff has sought to appeal the denial of his IFP application and the denial of default. In his notices, he admits that the Ninth Circuit does not have jurisdiction. (*See* Dkt. Nos. 216 & 223.) Indeed, the Ninth Circuit dismissed his appeal for lack of jurisdiction and plaintiff frivolously filed an amended notice which the Court construes as an attempt to preserve appeal rights following a final determination of the pending motions. The Court addresses the pending motions because they do not concern the specific matters appealed.

Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal of an action for insufficient service of process. Fed. R. Civ. P. 12(b)(5). When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by Rule 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Personal jurisdiction is lacking since plaintiff has failed to serve the complaint and summons as previously

---

[2] Plaintiff moved to remove his objection filings in connection with the motion. (Dkt. No. 196.) That motion is granted and the objections are not considered. At Docket Number 198, plaintiff also requested the e-filing guide and direction to pro se resources. Plaintiff was provided with this information at the initial stages of the litigation. (*See* Dkt. No. 24.)

2

1  ordered. *See Direct Mail Specialists Inc. v. Eclat Computerized Tech.*, 840 F.2d 685, 688 (9th Cir.
2  1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been
3  properly served under Fed. R. Civ. P. 4."). Plaintiff has not attempted to demonstrate that any of the
4  defendants were properly served with the summons and complaint. His suggestion that the
5  defendants were served by receiving notice of the complaint on ECF is insufficient. While Rule 4
6  "is a flexible rule that should be liberally construed," neither "actual notice[ of an action,] nor simply
7  naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if
8  service was not made in substantial compliance with Rule 4." *Crowley v. Bannister*, 734 F.3d 967,
9  975 (9th Cir. 2013) (internal citations, quotation marks, and alterations omitted). Thus, service is
10 improper as to the defendants.[3]

11 Even if service was proper, the SAC fails to comply with Federal Rules of Civil Procedure 8
12 and 10 and can be dismissed on this basis. Federal Rule of Civil Procedure 8(a) provides that a
13 "pleading that states a claim for relief must contain . . . a short and plain statement of the claim."
14 Fed. R. Civ. P. 8(a). Courts routinely dismiss complaints such as plaintiff's that are convoluted and
15 difficult to follow for failure to comply with that rule. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172,
16 1179-80 (9th Cir. 1996) ("Prolix, confusing complaints such as the ones plaintiffs filed in this case
17 impose unfair burdens on litigants and judges."); *Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir.
18 2013) (recognizing that complaints can be dismissed for failure to comply with Rule 8(a) and noting
19 the plaintiff's complaint had been dismissed for failure to comply); *Nevijel v. N. Coast Life Ins. Co.*,
20 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal where complaint was "verbose, confusing
21 and almost entirely conclusory"). Additionally, Federal Rule 10(b) provides that "[a] party must
22 state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set
23 of circumstances."

24 Throughout the duration of these proceedings, plaintiff's complaint has been shortened from
25 over 180 pages to 40 pages without any specific numbered paragraphs. However, the entire 40-page

---

[3] There are "affidavits" of service that *pre*dated the actual issuances of summons on the docket. Others are subsequent to some summonses being issued. However, many of the affidavits include unsigned documents and do not properly identify who was served, the method of, or indicate that it was received. Plaintiff has made no effort to otherwise demonstrate that service was properly carried out despite his burden.

3

SAC is still conclusory, prolific, and substantively incomprehensible. It contains numerous quotations from assorted books and songs and is heavy on legal citation without reference to facts pertaining to his case. In several instances, he lumps all defendants together without distinguishing between their specific actions. His failure to plausibly allege facts in support of his purported claims is detrimental and his SAC is dismissed. Since plaintiff has been advised of the deficiencies on several occasions and has failed to address them, dismissal without leave to amend is appropriate.[4]

The foregoing reasons are sufficient to dismiss plaintiff's SAC in its entirety. However, given his status as a *pro se* litigant, and in further support of futility, the Court notes several deficiencies with the SAC.

To begin, the Court previously noted that workers' compensation in California provides the exclusive remedy for any claims within the "compensation bargain." *Fermino v. Fedco, Inc.*, 7 Cal. 4th 701, 713-14 (1994). Setting aside the fact that plaintiff fails to plausibly allege any entitlement to workers' compensation, much of his SAC concerns his failure to obtain or be paid workers' compensation for an accident that is devoid of any factual enhancement (despite the prolific nature of the SAC). This failure to process his claims, including any allegations that the process was a sham, frivolous, or fraudulent are still within the compensation bargain. *Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 24 Cal. 4th 800, 823 (2001). Thus, his SAC is barred in part.

Previously, the Court found that plaintiff's invasion of privacy claim premised on the alleged disclosure of his medical records in violation of HIPPA failed because there is no private right of action under HIPPA. This has not changed. *See Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007) ("HIPAA itself provides no private right of action."). As alleged, plaintiff's invasion of privacy claim is still premised upon an alleged violation of HIPPA.

As to HHS, the Court previously advised plaintiff that the Court lacks subject because any purported failure to enforce HIPAA is barred by sovereign immunity. Furthermore, sovereign immunity bars claims brought against the United States for violations of 42 U.S.C. § 1985. The

---

[4] The oppositions to the motions illustrates how sprawling plaintiff's SAC is and how he fundamentally misunderstands his pleading obligations. For instance, he suggests that he has defamation, theft, conversion, and fraud claims. There are no specific causes of action in the SAC to support such claims.

1  statute is directed at state action and is not a waiver as to the United States. A *Bivens* claim, while
2  not alleged, also fails since a federal agency is not a federal actor. *FDIC v. Meyer*, 510 U.S. 471,
3  484-86 (1994). Thus, the SAC against HHS fails in its entirety.

4  Defendant Ardent is also an administrative law judge for the State of California's Workers'
5  Compensation Appeals Board. While conclusory allegations suggest that she abused the process in
6  connection with plaintiff's workers' compensation proceedings by issuing a subpoena for plaintiff's
7  medical records, "[i]t is well settled that judges are generally immune from suit for money
8  damages." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001); *Romano v. Bible*, 169
9  F.3d 1182, 1186-87 (9th Cir. 1999) (state officials presiding over hearings entitled to absolute
10 immunity).[5] There is no indication in the SAC that defendant Ardent acted outside of her official
11 capacity as an administrative law judge. Therefore, the claims are barred by judicial immunity.

12 With respect to plaintiff's claim for retaliation based upon California Health and Safety Code
13 section 1278.5, which the Court liberally construes as being asserted against Dr. Nhu and the
14 County,[6] the statute does not create a claim against individual doctors. *See Brenner v. Universal*
15 *Health Servs. of Rancho Springs, Inc*., 12 Cal. App. 5th 589, 602 (2017). Thus, the claim fails as a
16 matter of law against Dr. Nhu. However, "when given its plain meaning, [section 1278.5] provides
17 protection, and a cause of action, solely *to the person who himself or herself has engaged in the*
18 *protected whistleblowing activity* (i.e., the patient, or employee or other staff member who presented
19 a grievance complaint or report about patient care, or initiated, cooperated with, or participated in an
20 investigation about patient care) and who suffered discriminatory or retaliatory acts by the health
21 care facility as a result of that whistleblowing activity." *Id*. at 606 (emphasis in original).[7] As to the

---

[5] The Court takes the allegation that ALJ Ardent issued the subpoena as true, however, the briefing suggests that another ALJ from a different office issued the subpoena. Plaintiff also suggests that he is seeking injunctive relief to fall outside of judicial immunity, however, the SAC requests damages. In any event, there is no plausible indication that ALJ Ardent abused her authority.

[6] The Court notes that the SAC broadly refers to defendants, without distinguishing between the defendants' specific conduct. This pleading tactic violates Rule 8.

[7] The County places substantial emphasis on the fact that the Court previously cited to cases concerning employee complaints to suggest that only an employee can be protected as a

5

County, plaintiff does not plausibly state a claim for retaliation or discrimination resulting from protected activity. Plaintiff alleges that he set up appointments, weeks in advance, and when he arrived in person they were canceled. Nearly contemporaneous with the cancellation, plaintiff alleges that he called the administrative office of the hospital to complain about an employee's behavior while officers were called to the scene to remove him from the hospital. However, the cancellation of plaintiff's appointment, as well as the request to bring officers to remove him from the hospital, predated this communication and there is no indication that he was denied care as a result of his complaint to the administrative office. In fact, plaintiff alleges that he has not gone back for services since the cancellation. There is no indication that he was denied service as a result of the County's conduct or continues to be denied care. Thus, plaintiff does not plausibly allege that he was discriminated or retaliated against by the County for any protected activity. His claim also fails against the County.

Plaintiff also alleges that defendants intentionally discriminated against plaintiff, "a Black man who was temporarily disabled due to car accident, under Federal, and State law." (Dkt. No. 149 at 14.) Plaintiff's theory of the case is that he was deprived the right to contract based upon his claim for workers' compensation. It is not entirely clear which laws plaintiff wishes to proceed under. Liberally construing the SAC, it appears that plaintiff is proceeding under 42 U.S.C. § 1981 and the California Unruh Civil Rights Act, California Civil Code §§ 51, 52. Section 1981 claims require a showing of intentional discrimination based on race, *see Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989), and race must be a but-for cause of a section 1981 plaintiff's injury. *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020) (vacating the Ninth Circuit's opinion that a section 1981 plaintiff need only "plead facts plausibly showing that race played 'some role' in the defendant's decisionmaking process") (citation omitted). Claims under the Unruh Civil Rights Act also require intentional discrimination. *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 671 (2009) (to state a claim under the Unruh Act premised on racial discrimination, a plaintiff must plead intentional discrimination). However, plaintiff has not plausibly alleged that he

---

whistleblower. As noted, patients can be protected whistleblowers. The SAC alleges that plaintiff is a patient.

was entitled to worker's compensation, denied that accommodation while similarly situated individuals received such accommodation, or that his race played any role in the denial of a claim for workers' compensation. While plaintiff's SAC repeatedly suggests that it is "strange" he was denied benefits, that speculation does not satisfy the plausibility standard.

## CONCLUSION

For the foregoing reasons, the pending motions to dismiss are granted without leave to amend and the motions for judgment on the pleadings are denied as moot.

The Clerk is **DIRECTED** to close the case and issue a judgment in favor of defendants against plaintiff. To the extent plaintiff wishes to appeal this final order, he may consult Rule 4 of the Federal Rules of Appellate Procedure.

This Order terminates Docket Numbers 152, 156, 160, 163, 167, 171, 173, 179, 180, 187, 196, 198, 210, and 212.

**IT IS SO ORDERED.**

Dated: August 30, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**